RECEIVED FEB 29 2016 INSURANCE COMMISSIONER

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# FOR THE COUNTY OF SNOHOMISH

| | |
|---|---|
| WILLIAM B. HACKETT AND KYOUNG O. HACKETT, individually and on behalf of the marital community,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTRY MUTUAL INSURANCE COMPANY, an admitted insurer,<br><br>Defendant. | No. 16-2-02134-2<br><br>**SUMMONS (40 Days)**<br><br>[RCW 48.05; CR 4(b)(2)] |

A lawsuit has been started against you in the above-entitled Court by plaintiffs, WILLIAM B. HACKETT AND KYOUNG O. HACKETT. Plaintiffs claim is stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within 40 days after the service of this Summons, excluding the date of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what has been asked for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

SUMMONS - 1

BOWERS FOREMAN, PLLC
Telephone (425) 377-1100
LINDA@LINDAFOREMAN.COM

Exhibit 1
Page 1 of 7

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated this 25th day of February 2016.

          **BOWERS FOREMAN, PLLC**

          *Linda L. Foreman*

          Linda L. Foreman, WSBA #11817
          Attorney for Plaintiffs William B. Hackett and Kyoung O. Hackett

SUMMONS - 2

BOWERS FOREMAN, PLLC
Telephone (425) 377-1100
LINDA@LINDAFOREMAN.COM

Exhibit 1
Page 2 of 7



IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF SNOHOMISH

| | |
|---|---|
| WILLIAM B. HACKETT AND KYOUNG O. HACKETT, individually and on behalf of the marital community,<br><br>    Plaintiffs,<br><br>    vs.<br><br>COUNTRY MUTUAL INSURANCE COMPANY, an admitted insurer,<br><br>    Defendant. | No. 16-2-02134-2<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, VIOLATION OF IFCA, VIOLATION OF THE CONSUMER PROTECTION ACT AND DAMAGES** |

For their complaint against Defendant, Plaintiffs allege as follows;

## I. PARTIES

1.1.   Plaintiffs WILLIAM B. HACKETT AND KYOUNG O. HACKETT ("Hackett") are residents of Snohomish County, Washington.

1.2   Defendant COUNTRY MUTUAL INSURANCE COMPANY ("Country") is an admitted insurer in Washington, with its principal place of business in Bloomington, Illinois.

## II. JURISDICTION AND VENUE

2.1   This court has personal jurisdiction over all parties.

2.2   This court has subject matter jurisdiction over this action under RCW 2.08.010, RCW 48.30.015 & RCW 19.86 *et seq*.

2.3   Venue in Snohomish County is proper because Country Mutual transacts business in this county and the insurance contract was entered into in this county.

Exhibit 1
Page 3 of 7

HACKETT AMENDED COMPLAINT - 1

BOWERS FOREMAN, PLLC
Telephone (425) 377-1100
LINDA@LINDAFOREMAN.COM

## III. GENERAL ALLEGATIONS

**Factual Background of the Loss and Claim Chronology**

3.1    The Plaintiffs seek to establish their right to insurance coverage for loss and damage to a rental home it insured with Country for several years and to recover damages for the unreasonable and improper denial of coverage.

3.2    Hackett owns a single-family rental home at 13628 49th Drive NE, Marysville, WA. It has been insured by Country for several years, most recently under Policy number A46K4528370 (the "Policy").  The Policy renewed annually on December 15.

3.3    The Marysville home was leased to Jann Zabel and Walter White for approximately eleven years. Hackett engaged MacPherson's Property Management in July, 2002.  MacPherson's was responsible for renting, leasing, operating and managing the property.

3.4    On September 28, 2015 Mr. Hackett entered the house and discovered extensive damages.  Cabinetry was destroyed; animal feces were everywhere, the walls and ceilings were black with mold and there was an overwhelming ammonia-like odor. Further investigation revealed water damage, including a roof leak that had caused obvious damages to the ceiling and floor.  The house is uninhabitable.

3.5    Hackett notified Country of the loss.

3.6    Country received the claim notification and advised Hackett it would conduct an investigation.  A representative visited the property on October 19.

3.7    On October 26, 2015, Country issued a letter denying coverage.  A true and correct copy of the denial is attached as Exhibit A.

3.8    Country's coverage denial is in error.

3.9    Hackett alleges Country committed acts in violation of Washington law under **RCW 48.30.015, WAC 284-30-330(1)(4) & (7)** and **WAC 284-30-350(1)**.  These violations include but are not limited to:

a) The wrongful denial of coverage for all element of loss and damage;

b) Refusing to pay the claim without a reasonable investigations;

HACKETT AMENDED COMPLAINT - 2

BOWERS FOREMAN, PLLC
Telephone (425) 377-1100
LINDA@LINDAFOREMAN.COM

Exhibit 1
Page 4 of 7

c) Misrepresenting policy provisions and failing to disclose policy benefits and provisions.

## IV. FIRST CAUSE OF ACTION -- DECLARATORY RELIEF

4.1 Plaintiffs reallege Paragraphs 1.1 through 3.9 and incorporate by reference the same as though fully set forth.

4.2 Windstorm is Peril Insured Against under the Policy.

4.3 Vandalism and Malicious Mischief are identified as a Peril Insured Against under the Policy.

4.4 Weight of Ice, Snow or Sleet are identified as a Peril Insured Against under the Policy.

4.5 Accidental Discharge or Overflow are identified as a Peril Insured Against under the Policy.

4.6 Country has denied coverage under its 12/15/14-15 Policy for all loss and damage. Thus, an actual and justiciable controversy exists between Hackett and Country regarding coverage under all Country Policies. Therefore Hackett requests a declaration and an adjudication of the rights, duties and liabilities of the parties regarding Hackett's claims for loss and damage.

4.7 Hackett seeks a determination by this court that: a) there were separate occurrences of Perils Insured Against, as described in 4.2-4.6, which caused various types of loss and damage and no exclusions or limitations apply to defeat coverage; b) the cost of repair of the damage to the dwelling is covered and c) there is coverage for all extra expense and loss of rental income.

## V. SECOND CAUSE OF ACTION -- BREACH OF CONTRACT

5.1 Plaintiffs reallege Paragraphs 1.1 through 4.7 and incorporate by reference the same as though fully set forth.

5.2 Country breached the legal obligations under the Policy by denying coverage of Hackett' claims for loss and damage.

5.3 As a direct and proximate result of Country's breaches of contract, Hackett was, and continues to be, deprived of the benefit of insurance coverage provided and has suffered damages in amounts to be proven at trial including statutory interest on the liquidated damages.

HACKETT AMENDED COMPLAINT - 3

BOWERS FOREMAN, PLLC
Telephone (425) 377-1100
LINDA@LINDAFOREMAN.COM

Exhibit 1
Page 5 of 7

## VI. THIRD CAUSE OF ACTION – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING/BAD FAITH

6.1  Plaintiffs reallege the allegations set out in Paragraphs 1.1 through 5.3 and incorporate by reference the same as if fully set out.

6.2  Country has duties of good faith to its insureds based on the covenant of good faith and fair dealing and Washington law.

6.3  Country has breached its duties of good faith by their acts and omissions, including:

- Interpreting the Policy in a manner which misrepresents pertinent policy provisions;
- Compelling Hackett to submit to litigation to recover under the Policy;
- Unilaterally interpreting Policy provisions in a manner which places its own financial interest above those of Hackett;
- Failing to recognize and apply existing law to find coverage for Hackett;

6.4  Country's breaches of those duties have been the proximate cause of damages to the Hackett, in an amount to be proven at trial.

## VII. FOURTH CAUSE OF ACTION – BREACH OF RCW 48.30.015 ("IFCA")

7.1  Plaintiffs reallege the allegations set out in Paragraphs 1.1 through 6.4 and incorporate by reference the same as if fully set out.

7.2  Defendant has unreasonably denied Hackett's claim.

7.3  Hackett provided Country and the Washington Office of the Insurance Commissioner a letter as required under RCW 48.30.015.

7.4  More than twenty days have passed since the delivery of the letter.

7.5  Defendant confirmed its claim denial in response to Hackett's IFCA complaint.

7.6  Country's violation of RCW 48.30.015 has damaged Hackett in an amount to be proven at trial.

7.7  Hackett seeks their actual damages, treble damages, its attorneys fees and costs.

Exhibit 1
Page 6 of 7

HACKETT AMENDED COMPLAINT - 4

BOWERS FOREMAN, PLLC
Telephone (425) 377-1100
LINDA@LINDAFOREMAN.COM

## VIII.  FIFTH CAUSE OF ACTION -- BREACH OF THE CONSUMER PROTECTION ACT

8.1    Plaintiffs reallege the allegations set out in Paragraphs 1.1 through 7.7 and incorporate by reference the same as if fully set forth.

8.2    Country's acts and omissions violate Washington's public policy as set out in statutes, regulations and case law governing the business of insurance.

8.3    Country's acts and omissions in handling the Hackett' claim for loss affect the public interest and have the potential for repetition.

8.4    Country's acts and omissions violate the Washington Consumer Protection Act and Hackett seeks actual damages in an amount to be proven, including treble damages for each violation of the Washington Consumer Protection Act.

### PRAYER FOR RELIEF

WHEREFORE, Hackett seeks the following relief:

1.    Entry of an Order of Declaratory Judgment providing the relief requested in Paragraph 4.7;

2.    Entry of a judgment in the full amount of Hackett's claims for breach of contract;

3.    Entry of a judgment in the full amount of damages for bad faith;

4.    Entry of a judgment in the full amount of damages for violation of IFCA:

5.    Entry of a judgment in the full amount of actual and treble damages for violation of the Washington Consumer Protection Act;

6.    Entry of judgment for attorneys fees, expert fees and costs under the *Olympic Steamship* rule and under Washington law; and

7.     For such further relief as this Court deems just and equitable.

Dated this 25th day of February, 2016.

BOWERS FOREMAN, PLLC

*Linda L. Foreman*
Linda L. Foreman, WSBA #11817
Attorney for William and Kyoung Hackett

HACKETT AMENDED COMPLAINT - 5

BOWERS FOREMAN, PLLC
Telephone (425) 377-1100
LINDA@LINDAFOREMAN.COM

Exhibit 1
Page 7 of 7